IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:18-cv-00166 - FL

| | |
|---|---|
| HSG, LLC d/b/a "HIGH SPEED GEAR," <br> *Plaintiff*, <br><br> v. <br><br> EDGE-WORKS MANUFACTURING COMPANY d/b/a "G-CODE", <br> *Defendant*. | **ORDER ON MOTION TO SEAL DOCUMENT** |

## ORDER

Before the Court is Defendant Edge-Works Manufacturing Company, d/b/a G-Code, Unopposed Motion For Leave to Seal Plaintiff HSG, LLC's d/b/a "High Speed Gear" ("HSG") Response in Opposition to Motion to Dismiss (DE # 19) ("Response").

HSG's Response contains a reference to a confidential provision included in the December 8, 2015, Global Settlement Agreement (the "Settlement Agreement") between the parties. As consideration for entering into the Settlement Agreement, the parties agreed on a confidentiality provision that prevents either party from disclosing any information concerning the terms of this Agreement to anyone, except to its/his/her attorneys, financial advisors and employees; the Internal Revenue Service or any other government entity, unless it/he/she is ordered otherwise by a court of competent jurisdiction. The terms of the Settlement Agreement discern no significant public interest and are of the nature of material that courts routinely allow to be filed under seal. The Court therefore finds that it is appropriate to enter an order sealing the previously filed Response (DE #19). In order to minimize concerns relating to

public access, the Court accepts the redacted version of the Response.

The Court has come to this conclusion mindful of the factors set forth in *Stone v. University of Maryland Medical System Corp.,* 855 F.2d. 178, (4th Cir. 1988); *see also*, *Ashcraft v. Cononco, Inc.* 218 F.3d 288, 302 (4th Cir. 2000), which mandates that before entering an order to seal documents, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decisions to seal the documents."

Docketing the motion to seal reasonably in advance of deciding the issue is sufficient to meet the public notice requirement. *Ashcraft*; *In re Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984). Additionally, by allowing Edge-Works to file a redacted version of the Response, the sealing of documents is less drastic. Lastly, the Court concurs with *Agdata v. Hartford Fire Ins. Co*., 2013 U.S. Dist. LEXIS 82647 (W.D. N.C. 2013), that the confidential nature of the Settlement Agreement, and any reference to the confidential terms of the Settlement Agreement in the Response, outweighs the public's right to access this document.

This Court finds that Edge-Works has complied satisfied the standard set forth in *Stone* by publicly filing contemporaneously with this motion a redacted versions of the Response narrowly tailored to remove the confidential reference to a provision included in the parties Settlement Agreement.

For these reasons, and for good cause shown, the Defendant's Motion for Leave to seal the previously filed Response (DE #19) is GRANTED.

IT IS FURTHER ORDERED that the Clerk is directed to seal the previously filed, un-redacted version, of the Response (DE #19), and that document shall remain SEALED until further order of this Court.

SO ORDERED, this 21st day of June, 2019.

_____
HON. LOUISE W. FLANAGAN
UNITED STATES DISTRICT COURT JUDGE